Van Voorhis, J.
Section 1045-a of the Penal Law is not ex post facto, nor was it error to have received nonlegal evidence at the trial determining punishment (People ex rel. Lonschein [Mencher] v. Warden of Queens House of Detention, 15 N Y 2d 663; 43 Misc 2d 109). The former crimes committed by appellants could constitutionally have been considered by a sentencing Judge as germane to probation reports (Williams v. New York, 337 U. S. 241), and, as pointed out in Lonschein, section 1045-a of the Penal Law merely substitutes a jury for a Judge in imposing sentence in this situation. The criminal records of appellants could not, under the former procedure, have been before the jury (People v. Molineux, 168 N. Y. 264). It is possible that, if the jury had not known of appellants’ prior criminal records, they might have recommended life imprisonment in the case of either or both of them, particularly, perhaps, in case of the one who did not fire the fatal shot in this felony murder. Nevertheless, under the former statute, a recommendation of life imprisonment instead of death was not binding upon the Trial Judge, who was empowered to sentence to-death even though the jury recommended life imprisonment (People v. Ertel, 283 N. Y. 519, 522). The idea behind that statute may have been that, in cases such as the present, where a record of prior homicides was before the sentencing Judge but not before the jury, the Judge could impose the more drastic punishment based on circumstances known to him but unknown to the trial jury. However that may be, the circumstance that under the former practice the Trial Judge possessed this power, which could have been exercised in the light of all of the testimony which was before the “ sentencing ” jury in this instance, prevents the new procedure from being ex post facto. The change *18 is procedural, under which the “sentencing” jury acts upon what would previously have been before the Trial Judge. This does not render the new statute ex post facto (People ex rel. Lonschein [Mencher] v. Warden of Queens House of Detention, supra).
Under present subdivision 3 of section 1045-a ‘ ‘ 'evidence may be presented by either party on any matter relevant to sentence including, but not limited to, the nature and circumstanqes of the crime, defendant’s background and history, and any aggravating or mitigating circumstances. Any relevant evidence, not legally privileged, shall be received regardless of its admissibility under the exclusionary rules of evidence.” The court so instructed the jury in this instance, nor was it error to omit to charge that there was any burden of proof on either side. Whatever evidence would have been relevant in the case of a probation report, or otherwise to be considered by a sentencing Judge, is properly admissible before the sentencing jury.
The instruction was not erroneous that it would be possible for a defendant who has been sentenced to life imprisonment to be placed on parole after he had served 26 years and 8 months (Penal Law, § 1945, subd. 6; Correction Law, § 230, subd. 2). Subdivision 4 of section 1045-a requires that the court charge the “sentencing” jury on “the law relating to the possible release on parole of a person sentenced to life imprisonment.” The trial court here performed this obligation imposed on him by law. Appellants challenged the correctness of this instruction on the ground that each was convicted on two counts of felony murder (due to two victims having been killed), and assert that the jury should have been charged that the jury could direct that each appellant serve two life sentences consecutively. Apart from the impossibility of sentencing the same defendant to serve several life sentences, one after the other, it is plain that public policy as declared by the Legislature requires that no person sentenced for life shall be ineligible for parole after the lapse of 26 years and 8 months as charged by the court in this case. The prohibition of suspension of a sentence for a crime punishable by life imprisonment (Penal Law, § 2188) has nothing to do with the case. When one life sentence runs concurrently with another, as in this case, it is not “ suspended.” If, for example, a coram nobis proceeding were to disclose that *19 one of the sentences had been imposed illegally, a convict would be held under the other sentence imposed to run concurrently. That could not be true if the effect were the same as though the other sentence had been suspended. This jury was instructed that it had the power to direct life sentences on each count if the jurors saw fit to do so, but an instruction was correctly declined that the jury could recommend that life sentences on both counts could run successively rather than concurrently. The jury had to be instructed that these men were capable of parole, in the discretion of the Parole Board, after serving 26 years and 8 months. Neither appellant has a right to complain.
Under our recent decision in People v. Gunner (15 N Y 2d 227) the confessions of appellants were not required to be excluded for the reason that they were not previously informed by the police of their right to counsel or that their statements could be used against them. There was no request for representation by attorney when appellants were interrogated by the police, nor was an attorney in attendance and refused admittance (cf. People v. Donovan, 13 N Y 2d 148; Escobedo v. Illinois, 378 U. S. 478).
We have considered the other points raised and find no error except that a hearing should be held by the Judge on the voluntariness of appellants’ confessions under the holding of the United States Supreme Court in Jackson v. Denno (378 U. S. 368).
The convictions of appellants should be affirmed, subject to hearings by the Trial Judge on the voluntariness of appellants ’ confessions pursuant to Jackson v. Denno (supra).
Chief Judge Desmond and Judges Dye, Fuld, Burke, Scileppi and Bergan concur.
Judgments of conviction modified to the extent of directing a hearing on the issue of the voluntariness of the confessions introduced as a part of the People’s case at the trial and, as so modified, affirmed. Case remitted to the Supreme Court, New York County, for such hearing (People v. Huntley, 15 N Y 2d 72).